IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFERY MITCHELL, #R74032,   ) <br> ) <br>       **Plaintiff,**           ) <br>   vs.                           ) <br> ) <br> LATOYA HUGHES,           ) <br> ROB JEFFREYS,            ) <br> DIANNA (DEE DEE) BROOKHART,   ) <br> JEREMIAH BROWN, and      ) <br> CHAPLAIN CHRISTOPHER EASTON,   ) <br> ) <br>       **Defendants.**       ) | Case No. 23-cv-02718-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on the motion for partial summary judgment filed by Defendants Hughes, Jeffreys, Brown, Brookhart, and Easton (Doc. 39). Defendants seek the dismissal of Defendant Easton from Count 2 and the dismissal of Defendant Latoya Hughes from Counts 2 and 5. Plaintiff Jeffery Mitchell opposes the motion (Doc. 43). For the following reasons, the motion is **DENIED**.[1]

### BACKGROUND

Plaintiff Jeffery Mitchell filed this this *pro se* civil action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), the Illinois Religious Freedom Restoration Act ("IRFRA"), and the Illinois Constitution during his incarceration at Lawrence Correctional Center (Doc. 1). He alleges the following in the First Amended Complaint: Plaintiff is a practitioner of the Nubian religion

---

[1] Given the undisputed material facts, the Court concludes that it is not necessary to hold a hearing on the exhaustion issues raised in Defendants' motion.

1

"Shetaut Neter" which requires him to observe dietary principles consistent with "Ayurveda" (Doc. 6, p. 8). He describes the Ayurvedic diet as including grass-fed meat, eggs, wild-caught fish, chicken, fruits, and vegetables, all of which must be organic, fresh, and unprocessed (Doc. 6, p. 13). Breakfast, lunch, and dinner should be eaten at specific intervals and there are guidelines for the contents of each meal. *Id.*

Plaintiff requested an Ayurvedic diet from the Lawrence Chaplain on April 12, 2022. He submitted the "Offender Request for Religious Diet" Form 0388 on April 19, 2022. On April 21, 2022, before getting a response, Plaintiff and 13 other inmates in administrative detention held a nonviolent protest of their conditions of confinement, including the lack of religious services and officials' failure to follow IDOC rules. On April 22, 2022, Defendants Brookhart (Warden) and Brown (Assistant Warden of Programs and Acting Chaplain) denied Plaintiff's religious diet request in retaliation for his participation in the April 21, 2022 protest (Doc. 6, pp. 27-32).

Brown later confirmed that he and Brookhart had denied the diet request. Plaintiff challenged Brown's qualifications to act as chaplain; Brown responded that Plaintiff "wouldn't be having these problems if you weren't catching disciplinary reports for protesting" (Doc. 6, p. 10). Brookhart and Brown gave a pretextual reason for their denial of the diet request, telling Plaintiff he must describe in detail what the Ayurvedic diet is and why it is a part of his faith. Brown and Brookhart did not confer with a faith representative of Plaintiff's religious group before denying his request.

On June 22, 2022, Plaintiff resubmitted his Ayurvedic diet request, including documentation of the dietary requirements and his sincerely held religious beliefs (Doc. 6, pp. 11, 37-56). Brown and Brookhart conferred with Chaplain Easton and again denied Plaintiff's diet request on June 30, 2022. Easton did not confer with any representative of Shetaut Neter before

2

denying Plaintiff's request. Upon denying Plaintiff's religious diet, these defendants approved Plaintiff for a "vegan" diet without his consent, stating that was the "best option IDOC can offer" (Doc. 6, p. 38). Their decision was not based on a legitimate or valid penological interest. Plaintiff is not a vegan as he consumes animal foods, and his religious diet allows him to consume meat, eggs, and fish. The vegan diet was not an acceptable alternative to the Ayurvedic diet, and it violated Plaintiff's sincerely held religious beliefs because none of the provided foods were organic or organically grown, fresh, or unprocessed; did not contain whole fruits, nuts, seeds, or herbal teas; and failed to follow other Ayurvedic tenets (Doc. 6, pp. 12-14).

The denial of Plaintiff's diet request by Easton, Brown, and Brookhart stems from their enforcement of a systemic policy, pattern, and practice of religious discrimination maintained by former IDOC Director Jeffreys and Acting IDOC Director Hughes. This policy/practice discriminates against non-traditional religions such as Shetaut Neter by treating them differently from more mainstream faiths. For example, Jewish inmates are readily accommodated with a kosher diet and those practicing Islam who request a Halal diet are given the acceptable alternative of a kosher diet.

Plaintiff filed grievances over the denial of his Ayurvedic diet, to no avail (Doc. 6, pp. 57-64). He was forced to choose between adequate daily nutrition or following his sincerely held religious beliefs for more than 15 months. He lost over 30 pounds because he avoided eating the non-organic, processed, and non-fresh meat, fish, bread, and milk on the regular diet trays (Doc. 6, p. 17). While on the vegan diet, he avoided consuming the canned beans and fruit, jelly, crackers, and powdered/fortified non-dairy milk replacer because they are non-organic, processed, and not fresh. Easton, Brown, and Brookhart did not allow Plaintiff to discontinue the vegan diet until September 1, 2022 (Doc. 6, pp. 65-66).

Following threshold review of the First Amended Complaint, Plaintiff is proceeding on the following claims (Doc. 15, pp. 4-9):

Count 1: Retaliation claim against Brown and Brookhart for denying Plaintiff's religious diet request because Plaintiff participated in the April 21, 2022 protest, in violation of the First, Eighth, and Fourteenth Amendments.

Count 2: First Amendment claim against Brown, Brookhart, and Easton for denying Plaintiff's religious diet request, substantially burdening his right to freely practice his religion.

Count 3: Claim against Brown, Brookhart, and Easton for denying Plaintiff's religious diet in violation of his rights to liberty, free speech, assembly and petition, and enjoyment of religious worship guaranteed by the Illinois Constitution, art. 1, §§ 1, 3, 4, and 5.

Count 4: Religious discrimination/equal protection claim against Easton, Brown, Brookhart, Jeffreys, and Hughes for promulgating policies or customs that fail to accommodate non-traditional religions equally with mainstream religious denominations, substantially burdening Plaintiff's right to practice his religious beliefs, in violation of the First and Fourteenth Amendments and the Illinois Constitution art. 1, § 3.

Count 5: Religious discrimination claim against Easton, Brown, Brookhart, and Hughes for promulgating policies or customs that fail to accommodate non-traditional religions equally with mainstream religious denominations, substantially burdening Plaintiff's right to practice his religious beliefs, in violation of the RLUIPA and the Illinois RFRA.

Count 6: Deprivation of liberty and due process claim against Easton, Brown, and Brookhart for placing Plaintiff on a vegan diet without his consent and against his religious beliefs from June 22, 2022 to September 1, 2022, in violation of the First and Fourteenth Amendments and the Illinois Constitution, art. 1, §§ 1, 2, and 3.

## **DISCUSSION**

Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the

4

nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Pursuant to the Prison Litigation Reform Act ("PLRA"), a prisoner may not file a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008). "The exhaustion requirement is an affirmative defense, which the defendants bear the burden of proving." *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011); *see also Crouch v. Brown*, 27 F.4th 1315, 1320 (7th Cir. 2022).

For a prisoner to properly exhaust his administrative remedies, he or she must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024. Exhaustion must be fully completed before the prisoner files suit; a case filed while a grievance appeal is still ongoing is premature and must be dismissed without prejudice. *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020); *See also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Because Plaintiff was an IDOC inmate when he filed this action, he was required to follow the grievance process set forth in the Illinois Administrative Code. 20 Ill. Admin. Code § 504.800, *et seq*. (2017). Under IDOC's procedure, an inmate initiates a grievance with his counselor, and he may then submit his grievance to a grievance officer at his facility, and to the CAO at his facility. "A grievance must be filed...within 60 days after the discovery of the incident, occurrence or problem that gives rise to the grievance." 20 Ill. Admin. Code § 504.810(a). A grievance must "contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint." 20 Ill. Admin. Code § 504.810(c). If the prisoner does

5

not know a person's name, he "must include as much descriptive information about the individual as possible." *Id.*

If an inmate is unsatisfied with the outcome at the facility, he must appeal to the Administrative Review Board ("ARB") within 30 days. 20 ILL. ADMIN. CODE § 504.850(a). The grievance procedures further allow for an inmate to file an emergency grievance; to do so, the inmate must forward the grievance directly to the CAO who may "[determine] that there is a substantial risk of imminent personal injury or other serious or irreparable harm to the offender." 20 ILL. ADMIN. CODE § 504.840(a). After such a determination, processing of the grievance is expedited, as is any appeal. 20 ILL. ADMIN. CODE § 504.840(b); § 504.850(f).

An inmate is required to exhaust only those administrative remedies that are available to him. *See Ross v. Blake*, 578 U.S. 632, 642 (2016). Administrative remedies become "unavailable" when prison officials fail to respond to a properly filed inmate grievance or when prison employees thwart a prisoner from exhausting his administrative remedies. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Dol*e, 438 F.3d at 809.

The parties identify three grievances filed by Plaintiff relevant to his claims: No. 05-22-051; No. 06-22-102; and No. 07-22-148 (Doc. 39, pp. 4-6). Defendants concede that Plaintiff properly exhausted his claims in Counts 1, 3 and 6 against Defendants Brown, Brookhart, and Jeffreys, and withdraw their affirmative defense of non-exhaustion regarding those claims (Doc. 39, p. 2). They acknowledge that Plaintiff properly exhausted the claims in Count 2 against Brown and Brookhart but assert that he did not exhaust the claims in Count 2 against Easton (Doc. 39, pp. 9-10). They also argue Plaintiff failed to exhaust the claims against Hughes in Counts 4 and 5, though he did exhaust against the other defendants (Doc. 39, pp. 10-11). Defendants seek summary judgment in favor of Defendant Easton in Count 2 and in favor of Hughes in Counts 4

and 5 (Doc. 39, pp. 3, 9-11).

### *Grievance No. 05-22-051, filed May 1, 2022*

In this grievance, Plaintiff challenged "the chaplain's" denial of his Ayurvedic religious diet, in violation of his First Amendment rights and the RLUIPA (Doc. 43, pp. 22-25). Plaintiff attached the denial of his form "Offender Request for Religious Diet," signed/denied by Defendants Brown and Brookhart (Doc. 43, p. 25). Grievance No. 05-22-051 was denied by the CAO on October 7, 2022 (Doc. 43, p. 21). Plaintiff timely appealed to the ARB, which denied the appeal on January 25, 2023 (Doc. 43, p. 17).

### *Grievance No. 06-22-102, filed June 2, 2022*

Plaintiff filed this grievance as a "supplemental" grievance to Grievance No. 05-22-051, which was still pending at the time (Doc. 43, pp. 19-20). In it, he complains that the CAO (Dee Dee Brookhart) and Assistant CAO of Programs (Jeremiah Brown) conspired to deny his religious diet request in retaliation for his participation in the nonviolent protest of April 21, 2022. Brown told Plaintiff he was acting as the chaplain and was the person who denied Plaintiff's diet request because there was no chaplain on staff in April 2022 (Doc. 43, p. 20). The counselor's June 13, 2022 response to Grievance No. 06-22-102 states, "Per CHAMP entry on 4/22/2022, 'Religious diet request denied per Chaplain Easton and Lambert-Goheen.' Reapply in 60 days. Per phone conversation with Warden Brown, 'All religious diet request approval/denials come from a Chaplain recommendation.'" (Doc. 43, p. 19). This grievance was deemed a duplicate of Grievance No. 05-22-051 and therefore not reviewed further. That determination was signed by the CAO on September 26, 2022 (Doc. 43, p. 18). Upon Plaintiff's appeal to the ARB, this grievance, combined with No. 05-22-051, was denied on January 25, 2023 (Doc. 43, p. 17).

7

*Grievance No. 07-22-148, filed June 30, 2022*

In this grievance, Plaintiff complained that the IDOC Director, Chief Administrative Officer (Brookhart), Assistant Chief Administrative Officer of Programs (Brown), and Chaplain Easton violated federal law, state law, and the Illinois Administrative Code by maintaining a systemic policy and practice of treating practitioners of Shetaut Neter differently than mainstream religions and refusing to provide him an acceptable religious diet (Doc. 43, pp. 28-29). He submitted a written request for an Ayurvedic diet to the chaplain on June 22, 2022, including an explanation of his religious diet requirements (Doc. 43, p. 30). Easton, Brookhart, and Brown denied the request on June 30, 2022, instead placing Plaintiff on a vegan diet without his consent. Their reasoning that the vegan diet was "the best option IDOC can offer" implied that IDOC and Jeffreys maintain a policy of discrimination against non-traditional religions (Doc. 43, pp. 30-31). The vegan diet was not an acceptable alternative for Plaintiff, because he consumes meat, eggs, and fish, and the food provided was not organic, fresh, or unprocessed (Doc. 43, pp. 31, 33). Plaintiff noted this grievance was his third over the denial of his religious diet request, and for over 70 days he had been forced to choose between daily nutrition and his religious practice. He lost more than 22 pounds because he avoided eating the processed meat, fish, bread, and milk on the regular diet trays prior to being placed on the vegan diet, and avoided consuming the vegan diet items that contained ingredients inconsistent with Ayurvedic guidelines (Doc. 43, p. 33).

The counselor's response to Grievance No. 07-22-148, dated July 18, 2022, notes: "Per Chaplain Easton, 'Mitchell is approved for a vegan diet due to not having Ayurvedic diet.' [A] form has been sent to Mitchell in case he wants to discontinue the vegan diet." (Doc. 43, p. 28). The CAO denied this grievance on October 5, 2022, finding Plaintiff's claim of a policy violation on religious diets unsubstantiated (Doc. 43, p. 27). Plaintiff timely appealed. The ARB denied

the appeal on January 25, 2023, finding the matter had been previously addressed in Grievance Nos. 06-22-102 and 05-22-051 (Doc. 43, p. 26).

### Defendant Easton

Defendants argue that because Plaintiff mentioned only Brown and Brookhart by name in Grievance No. 05-22-051 with reference to the April 22, 2022 denial of his diet request, he did not exhaust his claim against Easton in Count 2 for that denial (Doc. 39, pp. 9-10). In Grievance No. 05-22-051, Plaintiff complained that "The Chaplain" erroneously denied Plaintiff's diet request (Doc. 39, p. 22). Plaintiff did not identify the chaplain or any Defendant by name in the body of this grievance; he attached for reference the diet denial signed by Brown and Brookhart (Doc. 39, p. 25). Later, in his supplemental Grievance No. 06-22-102, Plaintiff named Brown and Brookhart in connection with the April 22, 2022 diet denial (Doc. 39, pp. 19-20). The counselor's response to Grievance No. 06-22-102 implicates Easton in the diet denial, noting that the CHAMP entry of April 22, 2022 stated Plaintiff's diet request was "denied per Chaplain Easton" (Doc. 43, pp. 5, 19).

A prisoner's grievance is required to describe an individual whose name is not known with "as much descriptive information about the individual as possible." 20 Ill. Admin. Code § 504.810(c). Naming the chaplain by his title satisfies this requirement. Moreover, because prison officials addressed Grievance Nos. 05-22-051 and 06-22-102 on their merits despite Plaintiff's omission of Easton's name, and the officials identified Easton by name as the chaplain in the grievance response, they cannot now rely on this omission to claim Plaintiff failed to properly exhaust the claim against Easton. *See Bakaturski v. Brookhart*, No. 3:21-CV-00014-GCS, 2022 WL 1093633, at *3-4 (S.D. Ill. Apr. 12, 2022); *Kane v. Santos*, No. 17-CV-01054-NJR-RJD, 2020 WL 967878, at *4 (S.D. Ill. Feb. 28, 2020). Plaintiff's grievances served their

function of alerting officials to his complaints and inviting corrective action. *See Maddox v. Love*, 655 F.3d 709, 721-722 (7th Cir. 2011). Defendants have not met their burden with respect to Plaintiff's claim against Easton in Count 2. Therefore, the motion (Doc. 39) is denied on this point.

### Defendant Hughes

Defendants raise a similar argument in seeking the dismissal of Defendant Hughes from Counts 4 and 5 (Doc. 39, pp. 10-11). They admit that Grievance No. 07-22-148 named Defendants Easton, Brown, Brookhart, and Jeffreys, but argue that because Plaintiff did not include Hughes' name or description, his claim was not exhausted against her. However, as Plaintiff notes, this grievance identifies the "office" of the IDOC Director as a responsible party for the policy/practice that resulted in the denial of his diet request (Doc. 43, pp. 6, 28-29). He further asserts that he did not know the identity of Hughes or her involvement until after exhausting the appeal of this grievance (Doc. 43, p. 6).

Again, the identification of an individual in a grievance by their official title is sufficient for exhaustion purposes. Assuming that Hughes was acting as the IDOC Director during the relevant time, Plaintiff exhausted his claims against her with Grievance No. 07-22-148. Therefore, summary judgment is also denied with respect to Defendant Hughes.

### DISPOSITION

Defendants' Partial Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 39) is **DENIED** in its entirety. This case will proceed on the claims in Counts 1-6 as set forth in the Memorandum and Order of April 19, 2024 (Doc. 15; *see also* Doc. 26).

The matter of exhaustion of administrative remedies now being resolved, the stay on merits discovery is **LIFTED** and the parties can proceed with discovery on the merits of Plaintiff's

claims. The Court will enter a separate scheduling order setting discovery and dispositive motion deadlines.

**IT IS SO ORDERED.**

**DATED:  February 21, 2025**

<i>s/ Staci M. Yandle</i><br>
<b>STACI M. YANDLE</b><br>
<b>United States District Judge</b>